Rossell, J.
— Concurred in opinion, that the defendant ' be discharged on common bail, (a)
Pennington, J.
— I am clearly of opinion, that the original affidavit is defective; the plain meaning and intention of the statute is, that no man shall be deprived of his liberty in a civil suit, until affidavit be made of the cause of action, and that affidavit filed. The affidavit must be in the custody of the law, that if false, the person making it may be *111 prosecuted for perjury : and also, that the defendant may have his remedy if insufficient. The affidavit must be such, on which perjury may be assigned; it ought not to be entitled in any cause, no cause being depending at the time of taking it; [*] this affidavit refers to the plaintiff, but no plaintiff is even mentioned in the entitling the affidavit; it is too uncertain, perjury cannot be assigned on it. The cause of action is particularly required by the act of Assembly, to be set out in the affidavit, and the reason and propriety of the thing call for it; notwithstanding all this, if these defects can be cured by supplemental affidavits, it will be necessary to look into the additional affidavit taken in this cause. It is true, that the Court of Common Pleas in England, admit supplemental affidavits to explain ambiguities in the original affidavit, but not to supply substantial defects: the Court of King’s Bench, whose practice we have adopted, will not even do that, and our practice act, prohibiting the Court from going into the merit of the original affidavit is conclusive on the point; and shews that the learned Judge,* who drew the act, had the practice of the King’s Bench, in view. I am clearly of opinion, that the plaintiffs must stand or fall by their original affidavit, that being defective — and even defective as it is, not filed on, or at the time of arrest, that the defendant must be discharged on common bail. Defendant discharged.

 Vide 3 Halst. 34, 6 Halst. 196, Writ quashed.

 The Hon. William Patterson, Esq., deceased.